## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHELLE R. EVANOFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-07-793-M** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). As the parties have briefed their positions, the matter is at issue. For the following reasons, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings consistent with this Report and Recommendation.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for supplemental security income benefits on March 31, 2004, with a protective filing date of March 23, 2004, alleging a disability onset date of April 1, 1997, caused by "manic depression," paranoid schizophrenia, and related physical

symptoms, such as headache, nausea, heart palpitations, and panic attacks.  Tr. 54, 55-57, 92.

The application was denied on initial consideration and on reconsideration at the

administrative level.  Tr. 25, 26, 27-29, 32-34.  Pursuant to Plaintiff's request, a hearing was

held before an administrative law judge on June 6, 2006.  Tr. 35, 312-51.  Plaintiff appeared

in person with her attorney, and Plaintiff and her mother offered testimony in support of her

application.  Tr. 314, 316-37, 342-43, 346-51.  A vocational expert also testified at the

request of the administrative law judge. Tr. 47-48, 337-41, 344-46.  The administrative law

judge issued her decision on November 21, 2006, finding that Plaintiff was not disabled

within the meaning of the Social Security Act, and thus not entitled to benefits.  Tr. 11-13,

14-22.  The Appeals Council denied Plaintiff's request for review on May 17, 2007, and

therefore the decision of the administrative law judge became the final decision of the

Commissioner. Tr. 5-7.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review

as follows:

> We review the agency's decision to determine whether the
> factual findings are supported by substantial evidence in the
> record and whether the correct legal standards were applied.
> Substantial evidence is such relevant evidence as a reasonable
> mind might accept as adequate to support a conclusion.
> However, a decision is not based on substantial evidence if it is
> overwhelmed by other evidence in the record or if there is a
> mere scintilla of evidence supporting it.  The agency's failure to
> apply correct legal standards, or show us it has done so, is also
> grounds for reversal.  Finally, because our review is based on

> the record taken as a whole, we will meticulously examine the
> record in order to determine if the evidence supporting the
> agency's decision is substantial, taking into account whatever in
> the record fairly detracts from its weight.  However, we may
> neither reweigh the evidence nor substitute our discretion for
> that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations

omitted).   To determine whether a claimant is disabled, the Commissioner employs a

five-step sequential evaluation process.  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.

1988).  The claimant bears the burden to establish a prima facie case of disability at steps one

through four.  Id. at 751 & n.2.  If the claimant successfully carries this burden, the burden

shifts to the Commissioner at step five to show that the claimant retains sufficient residual

functional capacity to perform work in the national economy given the claimant's age,

education, and work experience.  Id. at 751.

## III.  THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge  followed

the sequential evaluation process set forth in 20 C.F.R. § 416.920.  Tr. 15-16.  She first found

that Plaintiff had not engaged in substantial gainful activity since April 1, 1997, the alleged

disability onset date.  Tr. 16.  At steps two and three, the administrative law judge found that

Plaintiff suffers from bipolar disorder, hepatitis C, and substance abuse disorder, and found

that these impairments are severe, but not severe enough to meet or equal one of the

impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security

Regulations, No. 4.  Tr. 16. The administrative law judge next found that, during the period

3

April 1, 1997, through April 30, 2006, based on all of the impairments, including the substance abuse disorder(s), Plaintiff had the residual functional capacity for the full range of work activity exertionally, compromised by the inability to make simple work related decisions and respond appropriately to coworkers and supervisors in work situations. Tr. 17. Considering Plaintiff's age, education, and experience, and using the Medical-Vocational Guideline Rule 204.00 as a guideline, the administrative law judge also found that inclusion of Plaintiff's substance abuse disorder as an impairment would direct a finding of disabled for the period from April 1, 1997, to April 30, 2006. Tr. 18-19. The administrative law judge then found that during the periods April 1, 1997, through April 30, 2006, and from May 1, 2006, through the date of decision, if the Plaintiff stopped the substance use, that she would retain the residual functional capacity for the full range of work activity, compromised by the ability to perform only simple and repetitive job instructions and the inability to engage in public contact or customer service work. Tr. 19. Based on this residual functional capacity finding, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was able to perform her past relevant work and denied Plaintiff's application. Tr. 21. Thus, the administrative law judge found Plaintiff's substance use disorder to be a contributing factor material to the determination of disability during the relevant time period. Tr. 22.

## IV. DISCUSSION

Plaintiff raises two issues for judicial review. She first claims that the administrative

law judge's finding that she would not be disabled but for her substance abuse is not based upon the applicable regulation or supported by substantial evidence.  Plaintiff's Opening Brief, p. 9.  Second, she contends that the administrative law judge failed to set forth specific, legitimate reasons for disregarding the opinions of her treating psychiatrists Dr. Stanley Kemler and Dr. Richard Zielinski.  Plaintiff's Opening Brief, p. 10.

### A. THE ADMINISTRATIVE LAW JUDGE'S SUBSTANCE ABUSE FINDING

Plaintiff first contends that the administrative law judge erred in finding that if she stopped her substance abuse she would not be disabled, rendering substance abuse a contributing factor material to the determination of disability.  Plaintiff's Opening Brief, p. 9.  She claims that the administrative law judge misapplied the regulation pertaining to the materiality of substance abuse, and that the  finding is also not supported by substantial evidence.  Plaintiff contends that the subject regulation, 20 C.F.R. § 416.935(b)(1) requires the administrative law judge to evaluate which of a claimant's current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, and then determine if those remaining limitations are disabling.  Plaintiff's Opening Brief, p. 9.

Plaintiff argues that the administrative law judge never evaluated (1) how her substance abuse was a contributing factor to any of her impairments: depression, bipolar disorder, schizophrenia, chronic personality disorder, Hepatitis C, or chronic borderline thought disorder;  or (2) evaluated which of her limitations would remain if she stopped abusing substances: visual and auditory hallucinations, avoidance of social situations,

uncontrolled anger, impulsive violence, anxiety, sleep disturbances, forgetfulness, and lack of concentration.  Id.   Plaintiff also notes that none of the physicians who examined or evaluated her found her alcohol or substance abuse to be a contributing factor in any of her claimed disabilities, and instead found it to be a coping mechanism, characterized by periods of abstention and binging. Id. at 10.

The Commissioner responds that the residual functional capacity finding  "clearly shows" which of Plaintiff's limitations were related only to her mental impairments, presumably by some sort of reverse post hoc analysis.  Commissioner's Brief, p. 4.  The undersigned must respectfully disagree.

The Contract with America Advancement Act of 1996 provides that "[a]n individual shall not be considered to be disabled [under either Title II or XVI of the Social Security Act] . . . if alcoholism or drug addiction would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); accord 20 C.F.R. § 416.935.  If an administrative law judge finds that the claimant is disabled and has medical evidence of the claimant's drug addiction or alcoholism, the administrative law judge "must determine whether . . . drug addiction or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R. § 416.935.  The "key factor" in making this determination is whether the claimant would still be found disabled if he stopped using drugs or alcohol.  20 C.F.R. § 416.935(b)(1).

A two-step analysis is required to determine whether drug addiction or alcoholism is a contributing factor material to a determination of disability.  First, the administrative law

judge must determine which of the claimant's physical and mental limitations would remain if the claimant refrained from drug or alcohol use. Then, the administrative law judge must determine whether the claimant's remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the claimant's remaining limitations would not be disabling, the claimant's alcoholism or drug addiction is a contributing factor material to a determination of disability and benefits will be denied. See 20 C.F.R. § 416.935(b)(2)(i). If the claimant would still be considered disabled due to his or her remaining limitations, the claimant's alcoholism or drug addiction is not a contributing factor material to a determination of disability and the claimant is entitled to benefits. See 20 C.F.R. § 416.935(b)(2)(ii).

In Salazar v. Barnhart, 468 F.3d 615, 623 (10th Cir. 2006) the Tenth Circuit Court of Appeals discussed this analytical process in further detail, particularly where mental impairments are involved. The opinion focused upon a teletype issued by the Commissioner pertaining to "situations where a claimant has one or more other mental impairments in addition to [drug and alcohol addiction]." Id. The Court of Appeals noted that the teletype "stresses the need for careful examination of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the [drug and alcohol addiction] is *not* a contributing factor material to the disability determination." Id. (emphasis in original). The teletype also emphasized:

> The most useful evidence that might be obtained in [cases of multiple mental impairments combined with drug and alcohol addiction] is that relating to a period when the individual was not using drugs/alcohol. Of course, when evaluating this type of evidence, consideration must be given to the length of the period of abstinence, how recently it occurred, and whether there may have

been any increase in the limitations and restrictions imposed by the other mental impairments since the last period of abstinence.

Id.  As the Court of Appeals also observed, the teletype further indicated that the report of a medical or psychological consultant could be the basis for a conclusion that drug and alcohol are material to the determination that a claimant is disabled if the consultant is able to separate the effects of mental impairments from those of substance abuse and project what limitations would remain if the claimant stopped using drugs or alcohol.  Id. at 623-24. Significantly,

> the Commissioner's teletype instructs that where the record is devoid of any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if she stopped using drugs or alcohol, an [administrative law judge should "find that [drug and alcohol addiction] is not a contributing factor material to the determination of disability."

Id. at 624.

Using the teletype for guidance in determining whether substantial evidence supported the administrative law judge's determination that drug and alcohol addiction was material to the determination that a disability existed, the Salazar Court concluded that the decision was not so supported.  The Court surmised that the administrative law judge's conclusion that the claimant's impairments improved after a period of sobriety was based upon a mistaken reading of the evidence.  The Court also held that "anecdotal comments" and a "single statement" from the claimant's treating physicians did not amount to substantial evidence upon which a finding that drug and alcohol addiction was material

could be based.  Id. at 624-25.  In the Court's opinion, the treating physician statements upon which the administrative law judge relied did not amount to substantial evidence because, "neither physician ever assessed whether [the plaintiff's] mental disorders were disabling in the absence of her [drug and alcohol addiction], and neither assessed her abilities in an independent work environment as required by the Commissioner's teletype." Id. at 625.

The decision at issue here suffers from the same deficiencies as the decision at issue in Salazar.  Specifically, the record is devoid of opinions or projections as to what Plaintiff's remaining limitations would be if the effects of her drug and alcohol addiction are discounted, and a thorough and careful review of the entire medical file reveals no opinion assessing whether Plaintiff's mental disorders are disabling in the absence of drug and alcohol abuse.

The RFC as found by the administrative law judge, "including the  substance abuse disorders" was as follows:

> After careful consideration of the entire record, the undersigned finds that, during the period April 1, 1997, through April 30, 2006, based on all of the impairments, including the substance use disorder(s), the claimant has the residual functional capacity for the full range of work activity exertionally, compromised by the inability to make simple work related decisions and respond appropriately to coworkers and supervisors in work situations.

Tr. 17.  Without substance abuse, the administrative law judge found

> During the periods April 1, 1997, through April 30, 2006, if the claimant stopped the substance use, and during the period from May 1, 2006, through the date of this decision, the claimant retained the residual functional capacity for the full range of work activity, compromised by the ability to perform only simple and repetitive job instructions and the inability to engage in public contact or customer service work.

Tr. 19.

The administrative law judge discussed the many references in the medical record to alcohol and substance abuse, most drawn from history provided by Plaintiff herself.  Tr. 17.  The administrative law judge highlighted two medical records in June and July 2004, in which a "medical professional indicated the claimant's primary diagnosis was drug dependence."  Id.  The records referred to are two computer-generated encounter records from Lawton Indian Hospital, on which there is a space for "Purpose of visit (POV) or DSM Diagnosis (Primary on First Line.)"  In the space provided on both forms, three things are listed:

| | |
|---|---|
| 28 | Drug Dependence |
| 316. | Hepatitis C |
| 301.22 | Schizotypal Personality Disorder |

Tr. 170 (July 1, 2004); accord Tr. 171 (June 24, 2004).  The administrative law judge fails to mention eleven other encounter records from Lawton Indian Hospital, spanning from March 2004 to March 2005 in which the only diagnoses are listed as either dysthymia, depressive disorder, anxiety, or bipolar disorder, with no mention of a diagnosis of a substance abuse disorder at all.  Tr. 180, 183, 185, 187, 196, 246, 245, 242, 240, 239, 236.  Immediately following her reference to the two "primary diagnosis" computerized encounter

10

records, the administrative law judge notes Plaintiff's statement to consultative psychological examiner Leon Morris, Ed.D., indicating that she had used many drugs for a period of years, but at the same time fails to mention that Dr. Morris' "primary diagnosis" was "Psychotic Disorder, Not Otherwise Specified." Tr. 17, 139. Dr. Morris also noted that Plaintiff's "thought processes appeared to be somewhat illogical and confused" and that "[t]esting was indicative of a paranoid thought disorder." Tr. 139. Even if the administrative law judge had fairly interpreted the record, she still failed to show anything in the record linking any particular limitation to Plaintiff's substance abuse.

The only report which the administrative law judge cites as "implicitly consider[ing]" the effects of Plaintiff's substance abuse on her work functions  nowhere mentions substance abuse as a cause. Tr. 20, 250-53. The report rates some twenty work-related activities, rating all but two as "poor." In the narrative comments under "Making Occupational Adjustments," Dr. Zielinski wrote: "Clt. is impulsive, has concentration and coping skill problems. Clt copes by reacting w/ violence." Tr. 251. Under "Making Performance Adjustments," Dr. Zielinski wrote: "loose associations, disorganized thinking, forgets things easily, clt. hears voices that impede her ability to function in a structured work environment." Tr. 251. Under "Making Personal-Social Adjustments," he commented: "Clt. has had difficulty remembering to keep appointments despite frequent reminders. Clt. has become aggressive around peers, is prone to fist fight if feels is threatened and/or insulted in social settings. Clt. is emotionally labile and will go from being calm and cheerful to angry and hostile minutes later." Tr. 252. Although the administrative law judge

finds that this assessment *does* consider the effects of Plaintiff's substance abuse, she gives no evidentiary basis for that assumption. In fact, in a letter written by Dr. Zielinski just six months prior to his report regarding Plaintiff's ability to do work-related activities, he lists the following diagnoses: "Schizophrenia, Paranoid type, Major Depressive Disorder, Recurrent, with Psychotic features." Tr. 248. There is no question that the record is replete with Plaintiff's self reported history of substance abuse, and its effects. But it also contains substantial evidence of several mental disorders other than substance abuse.

Under such circumstances, where the record contains no evidence of the claimant's remaining limitations if drug and alcohol use ceased, "an [administrative law judge] should find that [drug and alcohol addiction] is not a contributing factor material to the determination of disability." Salazar, 468 F.3d at 624 (quotations omitted). Thus, the absence of such evidence here compels the conclusion that the administrative law judge's finding that Plaintiff's drug and alcohol addiction was material to the determination that she is disabled is not supported by substantial evidence.

Because Plaintiff's arguments concerning the administrative law judge's handling of the drug and alcohol addiction issue necessitate a remand, the Court will not consider Plaintiff's other arguments as a discussion of them might affect the administrative law judge's treatment of this case on remand. See Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003).

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the administrative law judge misapplied legal standards in the decision, and that the decision is not supported by substantial evidence. Accordingly, it is recommended that the final decision of the Commissioner of Social Security Administration be reversed and that the matter be remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 7, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 16th day of June, 2008.**


_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE